**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

LANG NATURALS, INC.,

Plaintiff,

v.

PURE WEIGHT LOSS, LLC,
f/k/a LA Weight Loss Centers, Inc.,

Defendant.

C.A. No. 07-480-S

**ORDER**

This matter came on for hearing before the Court this 28th day of December, 2007 on Plaintiff's emergency motion for an order directing that Defendant Pure Weight Loss, LLC ("PWL") give prior written notice to Lang Naturals, Inc. ("Lang") of any actual or potential transfer or conveyance of PWL's assets, other than in the ordinary course of business. After consideration thereon,

IT IS HEREBY ORDERED:

1. Notice: PWL shall give ten (10) business days prior written notice to Lang of any action by PWL, including any action by any person or entity acting on behalf of PWL, to transfer ownership or control of the assets of PWL, in whole or in part, to an entity or person other than PWL, other than in the Ordinary Course of Business as defined below. PWL shall also give written notice to Lang of a threatened sale of PWL assets by a third party creditor within two (2) business days of PWL's receipt of notice of such sale.

2. Assets Defined: Assets shall be construed to encompass all tangible and intangible property of any nature whatsoever belonging to PWL, including but not limited to the

content of PWL's bank accounts, cash proceeds, chattel paper, commercial claims, contracts, deposit accounts, equipment, fixtures, intellectual property, goods, investment property, leases and real property.

3. Ordinary Course of Business Defined: "Ordinary Course of Business" shall mean all transactions and transfers necessary and customary to PWL's business operations. These shall include without limitation selling or providing pre-purchased products to individual retail customers at PWL's retail outlets; refunding retail customers for unused products or services; paying employee wage, salary and benefits payments; paying rental payments on leased properties; paying utility payments; and paying professional fees. Accordingly, this Order shall not be construed to require PWL to provide advance written notice to Lang of any such ordinary transfers. Transfer of inventory to third parties for resale shall not be deemed Ordinary Course of Business.

4. Limitations: This Order shall be construed narrowly to address only notice obligations with respect to certain potential asset transfers as defined herein. It shall not be construed to grant Lang additional rights beyond those expressly set forth, including but not limited to any greater rights as a creditor of PWL than it would have in the absence of this Order.

5. Superseding Actions: Should PWL be placed in receivership, retain a trustee to wind down its affairs, file for bankruptcy or otherwise invoke a formal judicially supervised process to effectuate the orderly reorganization or termination of the company, or liquidation of its assets, such action shall supersede this Order to the extent that the Order imposes requirements inconsistent with or in conflict with the requirements of such process.

6. Expiration: Except as otherwise provided herein, this Order shall remain in effect until January 10, 2008, or until further order of the Court.

SO ORDERED:
This 28th day of December, 2007, in Providence, Rhode Island.

The Honorable William E. Smith
United States District Court Judge

959072_1